## THE UNITED STATES OF AMERICA *vs.* MORIMOTO.

### August 10, 1909.

*Federal Courts—Competency of witnesses convicted of infamous crimes:* At the time Hawaii was created a Territory of the United States, the rules of evidence in force in the Republic of Hawaii permitted all persons to testify except only those convicted of perjury or subornation of perjury. *Held,* that the same rule concerning competency of witnesses applies to the United States District Court for the Territory of Hawaii in criminal cases.

*Criminal Law:* Motion objecting to a witness convicted of an infamous crime.

*C. C. Bitling,* for the motion.
*Wm. T. Rawlins,* Ass't. U. S. District Attorney, contra.

WOODRUFF, J. There was argument yesterday on a motion in behalf of the defendant, objecting to a witness offered by the prosecution, on the ground that she had been convicted of and was serving a sentence for the commission of an infamous crime, the contention being that she was thereby disqualified from giving testimony as a witness in the District Court for

the Territory of Hawaii. This objection was based particularly upon the contention that the common law rule concerning competency of witnesses is in force before this court; also, that section 858 of the Revised Statutes does not apply to criminal cases in any Federal courts. The contention would seem to be supported by the decision of the Supreme Court in the case of *United States v. Reid,* 53 U. S. 363. Counsel for the defendant also quoted, among other cases, *Logan v. United States,* 144 U. S. 263, as further fortifying his claim.

Confusion readily arises from the words of the Supreme Court in *Logan v. United States,* where (pages 302-303) the court, following the language in *United States v. Reid,* seems, in the first half of the paragraph, to adopt the idea contended for by counsel for the defendant. The court says:

" For the reasons above stated, the provision of section 858 of the Revised Statutes, that 'the laws of the State in which the court is held shall be the rules of decision as to the competency of witnesses in the courts of the United States in trials at common law, and in equity and admiralty,' has no application to criminal trials."

If it stopped here there could be no doubt concerning the meaning of the court, but the paragraph continues, without the interposition of a period or the beginning of a new sentence,—

"and, therefore, the competency of witnesses in criminal trials in the courts of the United States held within the State of Texas is not governed by a statute of the State *which was first enacted in* 1858, but, except so far as Congress has made specific provisions upon the subject, is governed by the common law, which, as has been seen, *was the law of Texas before the passage of that statute and at the time of the admission of Texas into the Union as a State."* (The italics are inserted for the purposes of this opinion.)

Thus, the decision of the Supreme Court in *Logan v. United States* is palpably ambiguous. It first states with great clearness that section 858 of the Revised Statutes has no application to criminal trials, and immediately thereafter proceeds to

say that the common law rule concerning competency of witnesses governs the Federal court in Texas, adding, with quite as much clearness, that this rule was the law of Texas at the time of the admission of that State into the Union. The question irresistibly arises, did the court mean in this particular paragraph that the common law rule was in force because of conditions which existed in 1789-90, or because of the law in force in Texas at the time of its admission to the Union? In the case of *United States v. Hankichi Terayama,* (unreported), decided in this court January 8th, 1904, Judge Dole ruled the ambiguity in favor of the defendant, holding that the cases of *United States v. Reid* and *Logan v. United States* made it improper for a person convicted of an infamous crime to be accepted as a witness before this court. On December 29th, 1903, however, a decision had been handed down in the Circuit Court of Appeals for the Eighth Circuit (*Withaup v. United States,* 127 Fed. Rep. 530), in which Judge Van Devanter held clearly that *Logan v. United States* meant that the rules of evidence in Federal courts in Texas consisted of those rules in force in the Republic of Texas when it was admitted as a State, and that the common law rule concerning competency of witnesses was effective there only for the reason that it was the one in force for Texas at the date of such admission, not because it was the common law rule in 1789. This decision being made by a circuit court of appeals is very persuasive, but was not available for Judge Dole at the time he decided the case of *United States v. Hankichi Terayama;* but later, when the same point was raised in this court in the case of *United States v. Moore, et al* (ante p. 66), he reversed his previous ruling and allowed the witness to testify, basing such reversal expressly on the ruling of Judge Van Devanter in *Withaup v. United States,* supra.

In the organic act admitting Hawaii to the United States as a Territory, Congress provided,

"That the Constitution, and, except as herein otherwise pro-

vided, all the laws of the United States, which are not locally inapplicable, shall have the same force and effect within the said Territory as elsewhere in the United States."

This provision, I believe, continued in force the then existing Hawaiian laws concerning evidence in criminal trials, including the law which permitted all persons to testify in criminal cases except those convicted of perjury and subornation of perjury. It is absurd to claim that section 858, as explained by Judge Van Devanter in construing *Logan v. United States,* is not locally applicable to Hawaii, since the law of Hawaii as enacted by Hawaiians is *prima facie* peculiarly applicable locally. Judge Van Devanter ruled that the intention of Congress in the judiciary act was to give to each district court of the United States those rules of procedure which would be most familiar to the particular communities in which the respective courts held jurisdiction; in other words, the rules most locally applicable. The Territory of Hawaii is in every particular, except sovereignty, in the position of a State; certainly in that position as far as its courts are concerned, as was clearly shown in the case of *Wilder's S. S. Co. v. Hind,* 108 Fed. Rep. 113, where the court draws attention to the fact that of all the Territories, Hawaii alone had, independent of and separate from its Federal court, a system of territorial courts in which the jurisdiction was so analogous to that of the state courts that the appeal from the Supreme Court of the Territory must in all instances be to the Supreme Court of the United States instead of to the Circuit Court of Appeals.

Because of the above reasons, and further in consideration of the fact that the uniform ruling of this court since 1906 has been to allow such witnesses to testify, the motion objecting to the witness Chise is hereby overruled.